UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TERRY H. FULLWILEY<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC CORPORATION (a Utah Corporation), and UNION PACIFIC RAILROAD COMPANY (a Delaware Corporation),<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTIONS FOR STAY AND GRANTING MOTION TO STRIKE**<br><br>Civil No. 2:04-CV-00671 TS<br><br>District Judge: Ted Stewart<br><br>Magistrate Judge: David Nuffer |

Plaintiff, having lost at summary judgment,[1] has had costs awarded against him.[2] He appeals, and desires a stay of Defendants' right to collect the cost award pending appeal.[3] He appeals to the discretion of the court under its inherent powers[4] and under Fed. R. Civ. P. 62(d)[5] which governs stay of enforcement of cost awards.

---

[1] Docket no. 195, filed February 1, 2006.

[2] Docket no. 213, filed May 16, 2006.

[3] Docket nos. 202; 216. The document filed as docket no. 216 is entitled Plaintiff's Motion to Renew Motion Stay Costs Pending Outcome of Appeal.

[4] *In re Wymer,* 5 B.R. 802, 804 ( B.A.P. 9th Cir. 1980).

[5]
> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

Plaintiff has cited[6] cases which stayed the award of costs pending appeal,[7] but costs have already been awarded in this case, so the cases are not directly applicable to a motion to stay. While there are some cases dispensing with supersedeas bonds as a condition of a stay of execution, they usually do so because the financial strength of the obligated party is not in question.[8] Here, Plaintiff notes that "UP is a multibillion dollar company and Mr. Fullwiley is an individual wage earner."[9] The need for the security of a bond is *heightened* rather than *minimized* by the present circumstances.

Plaintiff suggests that a balance-of-harm test is appropriate: "[T]he harm to Mr. Fullwiley in having to post a bond substantially outweighs any possible harm to UP . . . ."[10] Plaintiff warns of a potential conundrum: "[S]hould the costs be allowed to the defendant now, if the Court of Appeals reversed the judgment of this Court on appeal, it would appear the plaintiffs might be barred illogically and contrary to the statute, from taxing the costs against the defendant."[11] But since a trial court must modify its judgment in response to a reversal, the cost award is also subject to modification. And collectibility of any "refund" of costs is not an issue, with a multi-billion dollar defendant.

---

[6] Plaintiff's Memorandum in Support of Motion to Stay Costs Pending Outcome of Appeal at 2, docket no. 203, filed March 13, 2006.

[7] *Brown v. America Enka Corp.*, 452 F. Supp 154 (E.D. Tenn. 1976); *Georgia Ass'n of Retarded Citizens v. McDaniels,* 855 F.2d 794 (11th Cir. 1988).

[8] Cases collected at 11 Charles Alan Wright et al., *Federal Practice and Procedure* §2905, n.12 (2nd ed. 1995).

[9] Plaintiff's Reply Memorandum in Further Support of Motion to Renew Motion to Stay Costs Pending Outcome of Appeal (Reply Memorandum) at 3, docket no. 218, filed July 11, 2006.

[10] *Id.*

[11] Reply Memorandum at 3 (quoting Supporting Memorandum at 2 (quoting *Brown v. American Enka Corp.,* 452 F. Supp. 154, 160 (D. Tenn. 1976) (citing *Fleischer v. A. A. P., Inc.*, , 36 F.R.D. 31, 33-34(1) (S.D.N.Y. 1964) and *American Infra-Red Radiant Co. v. Lambert Industries, Inc.*, 41 F.R.D. 161, 163 (D. Minn. 1966)))).

Plaintiff also points out that there is precedent for reducing a cost award because of a party's financial status. But here, as in the case cited, Plaintiff "has offered this court little assistance in determining what amount of defendants' costs [he] can afford to pay. Instead [he] argues only that it would be a financial hardship to pay the full amount."[12] On the other hand, there is no evidence that Plaintiff's financial condition will worsen during the appeal, making the recovery of the costs less likely with the passage of time. That factor would heighten the need for a bond.

## ORDER

On the information before the court,

IT IS HEREBY ORDERED that the motions to stay[13] are GRANTED IN PART. Execution on the cost award shall be stayed on the condition that Plaintiff places funds in trust with his counsel in the amount of one-half of the cost award on or before September 29, 2006, and thereafter on the last business day of each month deposits an additional amount in that account equal to 5% of the cost award, until the balance of the account equals the entire cost award, with any accrued interest. The trust account funds shall be held for the sole purpose of securing the award of costs and no other purpose.

---

[12] *Kibbee v. City of Portland*, No. CV-98-675-ST, 2000 WL 1643535, at *7 (D. Or. October 12, 2000).

[13] Docket nos. 202; 216.

IT IS FURTHER ORDERED that Plaintiff's motion to strike[14] an erroneously filed paper is GRANTED.  The paper filed as docket no. 214 is STRICKEN.

Dated this 6th day of September, 2006.

BY THE COURT

_David Nuffer_ (signature)

David Nuffer
United States Magistrate Judge

---

[14] Docket no. 215, filed June 21, 2006.